RECEIVED
NOV 23 2022
US DISTRICT COURT
MID DIST TENN

# IN THE UNITED STATES DISTRICT COURT for the MIDDLE DIST. of Tennessee (Nashville Division)

| | |
|---|---|
| DeCarlos Tittington, (petitioner) | Case Nos: 19-6394, 3:17-CR-00124 |
| V. | Judge: Hn. Waverly D. Crenshaw, CHIEF DIST. JUDGE |
| United States of America, (Respondent) | Date: Nov. 13, 2022 |

## "Memorandum of Law IN SUPPORT of petitioner's 28 U.S.C. § 2255 APPLICATION"

Comes now the instant pro se petitioner, so-named above, i.e. "DeCarlos Tittington." Aforementioned petitioner would, at this

[1]

time be most remiss if he were not to give due apprisal or otherwise make known the fact that he is indeed a mere layman in the legal arena.

As such, Mr. Tittington is woefully unskilled in the complex and abstruse precepts, matrices, and technical jurisprudential practices of legalese.

It is for this reason that petitioner would implore this most honorable Court of law to employ the long-adhered to prudential praxis of evaluating pro se petitions under a less stringent standard than those drafted by trained professionals. See Erickson V. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007)(quoting) Estelle V. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976).

# STANDARD of REVIEW for MOTIONS BROUGHT PURSUANT To 28 U.S.C. §2255

A §2255 application (motion) does not have to be founded on constitutional error or even federal law. Watt V. United States, 162 F. App'x 486, 502-03, (6th Cir. 2006); see also Metheny V. Hamby, 835 F. 2d 672, 674 (6th Cir. 1987), cert. denied, 488

[2]

U.S. 913, 109 S.Ct. 270, 120 L.Ed. 2d 258 (1988).

But to succeed on a section 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." <u>Watson V. United States</u>, 165 F. 3d 486, 488 (6th Cir. 1999)(citing <u>Brecht V. Abrahamson</u>, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L. Ed. 2d 353 (1993).

THE SIXTH CIRCUIT has held that, to obtain relief under §2255 for a nonconstitutional error, a defendant must establish either a fundamental defect in the criminal proceedings, that which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process. See <u>Riggs V. United States</u>, 209 F. 3d 828, 831 (6th Cir. 2000), recognized as abrogated on other grounds by <u>Kumar V. United States</u>, 163 F. App'X 361 (6th Cir. 2006); see also <u>Mcneal V. United States</u>, 17 F. App'X 258, 260-61 (6th Cir. 2001).

Therefore, a defendant must allege in his §2255 motion that:

(1.) His conviction was the result of an error of constitutional magnitude;

(2.) his sentence was imposed outside of statutory limits; or

(3.) there was an error of law or fact so fundamental as to render the proceedings invalid. <u>Pough V. UNITED STATES</u>, 442

[3.]

F.3d 959, 964 (6th Cir. 2006)(citing <u>Mallett V. United States,</u> 334 F.3d 491, 496-97 (6th Cir. 2003). See also <u>Anderson V. United States,</u> 246 F. Supp. 2d., 758, 760 (E. D. Michigan 2003).

"LEGAL STANDARDS
GOVERNING CLAIMS of
INEFFECTIVE ASSISTANCE
of COUNSEL."

THE SIXTH CIRCUIT has held that a post-conviction motion under §2255 is the proper vehicle for raising claims of ineffective assistance of counsel. See <u>United States V. Crowe</u>, 291 F.3d 884, 866 (6th Circuit 2007)(citing {2013 U.S. Dist. LEXIS 8} <u>United States V. Wunder,</u> 919 F.2d 34, 37 (6th Circuit 1990).

The <u>SIXTH AMENDMENT</u> to the United States Constitution guarantees that a criminal defendant shall enjoy the right to have the assistance of counsel for his defense. <u>Beasley V. United States,</u> 491 F.2d 687, 692 (6th Cir. 1974).

To succeed on a claim of ineffective assistance of counsel, the defendant must satisfy two elements: that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's performance. <u>Strickland V. Washington,</u> 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L. Ed.

[4]

2d 674 (1984).

# PRELIMINARY STATEMENT

Petitioner Decarlos Tettington, at this time would presume the parties' familiarity with the facts of this case and proceed to present his meritorious claims forthwith. see _Blackledge V. Allison_, (citations and quotations omitted). Holding therein that a district court judge may rely upon his recollection of the proceedings when evaluating habeas petitions.

# CLAIM #1
## Counsel is Constitutionally Ineffective For Failing To Challenge The Petitioner's Conviction/Sentence Under 18 U.S.C. §1962 (d).

As evinced above, this petitioner does posit before this most honorable court that his sentence and accompanying conviction are [both] subject to collateral attack. this is due to the

[5]

constitutional infirmities inextricably intertwined therein, which Titington will endeavor to delineate with clarity below, free of any indicia of equivocality.

## "PETITIONER'S SENTENCE IS SUBJECT TO PROCEDURAL ERROR."

At this juncture, Petitioner Titington alerts this most honorable Court to the procedural unreasonableness of his sentence in relation to his conviction under <u>18 U.S.C. §1962(d)</u>. The SIXTH CIRCUIT has explained: "Procedural reasonableness requires the court to properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in <u>18 U.S.C. §3553(a)</u>, refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." <u>United States V. Parrish</u>, 925 F.3d 1043, 1047 (6th Cir.) cert. denied, 140 S.Ct. 44, 205 L.Ed. 2d 150 (2019)(quoting <u>United States V. Rayyan</u>, 885 F.3d 436, 440 (6th Cir. 2018)).

## TITINGTON'S SENTENCING HEARING

[6.]

During petitioner's sentencing hearing, his 18 U.S.C. § 1962(c) offense was calculated, per the dictates of U.S.S.G. § 2E1.1, which assigns a base level of 19. See(pg, 22, lines 4-8 of sentencing hearing transcript).

However, the base offense level was subsequently raised to 30, ostensibly upon the jury's finding and pursuant to U.S.S.G. § 2D1.1(c)(5).[1] Titington submits this to be an uncountenanceable error on behalf of his counsel of record, as he should have brought it to the district court's attention.

Competent counsel would have apprised the district court of its omission of factual findings pertaining to drug types and quantities in relation to Count One, since such omission constitutes procedural error under SIXTH CIRCUIT LAW.

## Titington's Criminal Liability Differs From His Sentencing Accountability

Titington posits that the district court's reliance upon the jury's special-verdict findings attributing 5 kilograms of cocaine and at least 280 grams of crack cocaine to the R.I.C.O. conspiracy charged in Count One was improper.

---

[1] see(pg, 20, lines 13-17 of sentencing hearing transcript).

[7.]

Case 3:22-cv-00955    Document 2    Filed 11/23/22    Page 7 of 25 PageID #: 22

The veracity of the above proposition is validated due to such a jury's determination of 'criminal liability' on aforementioned drug types and amounts in no wise compels 'sentencing accountability' for same.

In summation, per the Sentencing Guidelines, defendants are only accountable for co-conspirator conduct that was (1) reasonably foreseeable to him and (2) in furtherance of the jointly undertaken criminal activity. See <u>United States v. Jenkins</u>, 4 F.3d 1338, 1346 (6th Cir. 1993)(interpreting prior version of §1B1.3 and comment).

This Circuit has noted previously that "the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct [2000 U.S. App. LEXIS 13] embraced by law of conspiracy." <u>United States v. Okayfor</u>, 996 F.2d 116, 120 (6th Cir. 1993)(quoting <u>United States v. Lanni</u>, 970 F.2d 1092, 1093(2d Cir. 1992)(quoting <u>United States v. Perrone</u>, 936 F.2d 1403, 1416 (2d Cir. 1991)(holding that for Sentencing Guidelines purposes, a defendant is chargeable for a co-conspirator's drug transactions if they were known to him [and] or reasonably foreseeable to him under <u>U.S.S.G</u> §1B1.3(a)(1), 1B1.3, cmt. n.2)). In <u>Lanni</u>, which was cited with approval in the SIXTH CIR's <u>Okayfor</u> holding, finds the Second Circuit elucidating:

[8.]

"As we previously have recognized, an important distinction exists between the {203 F.3d 403} criminal law standard for convicting a defendant of conspiracy and the Guidelines standard for sentenc- ing a defendant convicted of conspiracy. Under conspiracy law, a defendant may be convicted of conspiracy even though he is unaware of all the conspiracy's unlawful aims, as long as he has knowledge of some of those aims. See _United States V. Lanza_, 790 F.2d 1015, 1022-23 (2d Cir.), cert. denied, 479 U.S. 861 ... (1986). The Guide- lines' approach is narrower {2000 U.S. App. LEXIS 14} than the standard for establishing guilt of the conspiracy offense itself. A defendant convicted of conspiracy may be sentenced for relevant conduct committed by a co-conspirator in furtherance of the conspiracy only if that conduct was reasonably foreseeable by the defendant. See _Guidelines §1B1.3_, Application Note 1; _United States V. Perrone_, 936 F.2d 1403, 1416 (2d Cir. (footnote omitted), clarified on other grounds, 949 F.2d 36 (2d Cir. 1991)) _Lanni_, 970 F.2d 1093.

Petitioner's counsel was constitutionally ineffective for electing not to object to the district court's failure to apply the reason- able foreseeability analysis Of _U.S.S.G. § 1B1.3_ (a)(1)(B). Instead, counsel remained mute on this fundamental point as the jury's special verdict findings were erroneously transmuted from _criminal liability'_ into _'sentencing accountability.'_

[9.]

# "TITTINGTON'S SENTENCING WAS A CRITICAL STAGE"

The Supreme Court has long held that sentencing hearings are to be considered "_critical stages_" of the criminal proceedings. To hold otherwise would trample the very meaning of the SIXTH AMENDMENT to the United States Constitution and pertinent law of this Circuit.

This is so because the right to counsel, i.e. the effective assistance of counsel, as envisioned by the Constitution, "requires that a defendant be represented at every critical stage of his trial." See United States V. Minsky, 963 F. 2d 870, 874 (6th Cir. 1992) (citing United States V. Cronic, 466 U.S. 648, 659 n. 25, 80 L.Ed. 2d 657, 104 S.Ct. 2039 (1984)).

Routinely, the Supreme Court has found the existence of constitutional error without any specific evincement of prejudice where a defendant is **deprived** of counsel during a "critical stage" of criminal proceedings. United States V. Cronic, (ibid).

Counsel's failure to object to the usage of a _Pinkerton_ (citation omitted) type of sentencing accountability, transplanted from defendant's 'jury-found' criminal liability is a quintessential example of deficient performance under _Strickland_.

[10.]

Case 3:22-cv-00955     Document 2     Filed 11/23/22     Page 10 of 25 PageID #: 25

Such deficient performance prejudiced this petitioner and resulted in him receiving a much more severe and lengthy sentence than he would have received under the guidance of effective counsel. And as the Supreme Court explained in <u>Glover v. United States</u>, "any amount of jail time" has constitutional "significance". 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001)).

# CLAIM #1(a)
### "Counsel Was Ineffective For Failing To Object To The <u>U.S.S.G § 2E1.2</u> Enhancement Used During Petitioner's Sentencing"

Petitioner further brings to the district court's attention, counsel's compounded ineffectiveness during the sentencing hearing. This is so due — as indicated above — to counsel's failure to object to the inapplicable sentencing enhancement <u>U.S.S.G. E1.2</u>.

Titington challenges his sentence in relation to <u>Count-1</u>, i.e. (<u>18 U.S.C. §1962(c)d</u>). The district court's calculation of petitioner's sentence was based **solely** upon the meager findings of the pre-sentence report. For the jury empaneled returned not a verdict upon the

[11.]

indicted 18 U.S.C. § 1952 (Travel In Interstate Commerce) offense.

In order to prove a violation of this statute, the government is required to establish the following elements: "(1) that the defendant travels in interstate or foreign commerce; (2) 'with intent to ... promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity and (3) that the defendant thereafter performs or attempts to perform 'an act of promotion, management, establishment, or carrying on of any unlawful activity." United States V. Burns, 298 F.3d 523, 537 (6th Cir. 2002)(quoting the statute).

This, in petitioner's case, quite simply did not occur.

## "The District Court Committed Procedural Error In Sentencing TITINGTON"

Moreover, procedural error inevitably occured as a result of ineffective sentencing counsel's failure to object to the erroneous enhancement under U.S.S.G. § 2E1.2. Counsel neither asked, implored, or otherwise solicited the Court (district) to explain on the record its reason for imposing said enhancement.

"When selecting an appropriate sentence, the district court must adequately explain the chosen sentence to allow meaningful appellate

## [12.]

review and to promote the perception of fair sentencing.'" United States V. Fowler, 819 F.3d 298, 304 (6th Cir. 2006)(quoting United States V. Recla, 560 F.3d 539, 547(6th Cir. 2009). For a sentence to be procedurally reasonable, a district court must make adequate factual findings as to the imposition of sentencing enhancements. See United States V. Davis, 924 F.3d 899, 904 (6th Cir. 2019). "[I]f the defendant raises a dispute to the pre-sentence report the court may not merely summarily adopt the factual findings in the pre-sentence report or simply declare that the facts are supported by a preponderance of evidence." United States V. Ross, 502 F.3d 521, 531 (6th Cir. 2007)(quoting United States V. Solorzo, 337 F.3d 580, 590 (6th Cir. 2003).

In the instant case, the district court — on account of counsel's deficiencies — failed to inform the district court of the need to make adequate factual findings in relation to its choice to impose the §2E1.2 sentencing enhancement against Titington. As a proximate result of counsel's deficiencies, the sentencing record is devoid of any 'reasonable foreseeability' or 'in furtherance of jointly undertaken criminal activity' findings for co-conspirator liability so as to ascertain the scope of Titington's conduct for which he may be held accountable under the guidelines. see U.S.S.G §1B1.3 (a)(1)(B).

Moreover, counsel's deficient performance resulted in undue

[13.]

prejudice to petitioner during a critical stage of the criminal proceedings under _Cronic_ (citation omitted).

In regards to the imposition of the § 2E1.2 sentence enhancement, petitioner's counsel seems to have tacitly conceded its correctness. However, the Supreme Court held in _United States V. Rita_, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007), that although appellate courts may accord a presumption of reasonableness to guidelines sentences, "the sentencing court does not enjoy the benefit of a legal presumption that the guidelines sentence should apply." _Id_ at 2465; _United States V. Schmitt_, No. 06-2207, 495 F.3d 860, 2007 U.S. App. LEXIS 18662, at *10 (7th Cir. Aug. 7, 2007); see _United States V. Demaree_, 459 F.3d 791, 794-95, (7th Cir. 2006)(explaining that the district court may not presume that the guidelines sentence is correct). Rather, the sentencing court must subject the sentence to the "thorough adversarial testing contemplated by the federal sentencing procedure." _Rita_, 127 S. Ct. at 2465.

It is for these reasons that petitioner is entitled to resentencing without the improper enhancement, e.g. § 2E1.2, or any other relief that this court deems lawful and appropriate.

"Furthermore, a reliable trial may not foreclose relief when counsel has failed to assert rights that may have altered the outcome." _Kimmelman V. Morrison_, 477 U.S. 365, 379, 106 S.Ct.

[14]

2574 L. Ed. 2d 305.

# CLAIM 1 (B)
"Counsel Is Constitutionally Ineffective
for failing to object to the erroneous
Jury Instruction, which constructively amended the 21 U.S.C.
§846 and 18 U.S.C. § 1962(d) Indictment(S) To Allege Other
(Unindicted Conspiracies) Against Petitioner."

At the present juncture, Titington asserts counsel's ineffectiveness during the critical stage of jury instruction. "The right to counsel under the SIXTH AMENDMENT secures for a criminal defendant the right to a fair trial." United States V. Wade, 388 U.S 218, 226, 87 S.Ct. 1926, 18 L.Ed. "at all critical stages of the criminal process." Iowa V. Tovar, 541 U.S. 77, 87, 1291 S.Ct. 1379, 158, L.Ed. 2d 209 (2004).

Moreover, the Supreme Court has clarified that "The right to counsel is the right to effective assistance of counsel." see Mcmann V. Richandson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed. 2d 763 (1970).

Under Rico, "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce" must not "conduct or participate, directly or indirectly,

[15.]

in the conduct of such enterprises affairs through a pattern of rack-eteering activity." <u>18 U.S.C. §1962(c)</u>. A conspiracy to contravene that statute is also illegal. <u>Id. §1962(d)</u>. Included in the term "enterprise" for purposes of <u>R.I.C.O.</u> is "any individual, partnership, corporation, association, or other legal entity, and any union, or group of individuals associated in fact although not a legal entity." <u>Id. §1961(4)</u>.

Titington now seeks judicial review of the instant judgment from the United States district Court for the Middle District of Tennessee (Nashville Division), which convicted him of <u>Count One</u> (Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy after the district court's instruction supplanted the enterprise element as charged in the indictment, which resulted in petitioner being convicted of some other enterprise's involvement in a conspiracy. See (pgs. #<u>58</u>-<u>59</u> of Jury Instructions), Marked <u>Exhibit # 1</u>.

The district court's instruction more than varied from the indictment and constructively amended the charges so as to permit the jury to erroneously convict Titington of a RICO conspiracy other than the one depicted by the grandjury's indictment.

This is because the district court's jury instruction impermissibly broadened the **bases** of the <u>R.I.C.O.</u> conspiracy to include other conspiracies not alleged in the grand jury's Third Superseding Indictment as to <u>18 U.S.C. §1962(d)</u>. Specifically, the district court

[16.]

instructed the empaneled jury, in relation to the two (conspiracies) under §§841 and §1962(d):

> "Proof that a defendant was a member of some
> other conspiracy would not prevent you from
> returning a guilty verdict, if the government
> also proved that he was a member of either
> conspiracy charged in the indictment." (see EXHIBIT #1)

Counsel's acquiescence without objection to the above charge which permitted the jury to consider "Proof that a defendant was a member of some other conspiracy," that was never alleged in the federal grand jury's indictment constitutes a quintessential example of deficient performance under _Strickland_, which is per se prejudicial under standing Supreme Court precedent and Sixth Circuit Law.

An amendment occurs when the charging terms of an indictment are altered. A jury instruction that constructively amends a grand jury indictment constitutes per se reversible error because such an instruction violates a defendant's constitutional right to be tried only on charges presented in grand jury indictments and creates the possibility that the defendant may have been convicted on grounds not alleged in the indictment. _Stirone V. United States_, 361 U.S. 212, 217-18, 80 S.Ct. 270, 273-74, 4 L.Ed. 2d 252 (1960).

[17.]

The government's accorded wide lattitude in crafting indictments and was unconstrained if it elected to utilize the general language of the statute to reference the 'enterprise' and 'conspiracy' in which petitioner was allegedly involved. In the case before us, however, the government opted for specificity that petitioner was associated with an enterprise, to wit, a group of individuals associated in fact known as the "Gangster Disciples."

Petitioner stresses that via the government's power to fashion indictments, it determines the scope of the levied RICO conspiracy. Conspiracy under 18 U.S.C. §1962(d) is no new-fangled general, nor yet generic conspiracy category. Rather, it services a specific goal of traditional conspiracy law. The above section enjoys the legal potentiality of interconnecting, in a solitary proceeding, a plethora of otherwise distinct offenses a/o conspiracies through the concept of enterprise conspiracy.

Via the vehicle of the indictment, the government supplies the linking conspiratorial aims a/o objectives of a specific RICO violation. The violation, once specified, may be either broad or narrow. The prosecution is solely responsible; defining the parameters within which the RICO conspiracy trial/suit must be confined. Upon this, the prosecution must be satiated within those self-imposed limits without traversing them.

For, it is a fundamental principle of our System of criminal justice that "[a] defendant has a substantial right to be tried solely on [the]

[18.]

charges presented in an indictment returned by a grand jury." see *Stirone*, 361 U.S. at 217-18, S. Ct. at 273-74.

Under the instructions at issue here, the jury may very well have convicted the petitioner of being involved with an enterprise or "some other conspiracy," (drug, R.I.C.O., etc...) other than the one(s) levied in the grand jury's indictment on Count(s) One & Two.

The SIXTH CIRCUIT has found the occurence of constructive amendments where jury instructions differ from an indictment, even in the absence of varied evidence, to charge the jury on a separate offense that was not listed in an indictment. See *United States V. Combs*, 369 F. 3d 925, 936 (6th Cir. 2004).

Wherefore, counsel's prejudicial omissions and deficient performance during a critical stage of the criminal process implores reversal and vacature of these defective counts, i.e. Counts One & Two. This is predicated upon the "other conspiracies" were never alleged previously in any of the federal grand jury's three indictments.

Generally speaking, modifications to indictments assume one of two forms: as actual amendments or as variances. See *United States V. Hynes*, 467 F. 3d 951, 961 (6th Cir. 2006). Actual amendments occur "when the prosecutor actually changes the text of the indictment "after the grand jury has last passed on it, *United States V. Budd*, 496 F. 3d 517, 521 (6th Cir. 2007), whereas variances result "when the charging terms of an indictment are left unaltered, but the evidence offered at

[19.]

trial proves facts materially different from those alleged in the indictment[.]" United States V. Combs, 369 F.3d 925, 935-36 (6th Cir. 2004)(quoting United States V. Ford, 872 F.2d 1231, 1235(6th Cir. 1989)). This particular distinction is pertinent because only the former are per se prejudicial—and, thus, only amendments automatically entitle a petitioner {2018 U.S. App. LEXIS 6} to a reversal of his conviction. Combs, 369 F.3d at 935-936; see also United States V. Mize, 814 F.3d 401, 409 (6th Cir. 2016).

Between these two categories lies a hybrid form of modification, namely, constructive amendments. Combs, 369 F.3d 936. A constructive amendment occurs when:

> "the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." Budd, 496 F.3d at 521 (quoting United States V. Smith, 320 F.3d 647, 656(6th Cir. 2003).

In essence, a constructive amendment is a variance that arises to the level of an amendment "because, like an actual amendment, it infringes upon the Fifth Amendment's grand jury guarantee." United

[20.]

<u>States V. Barrow</u>, 118 F. 3d 482, 489 (6th Cir. 1997). Accordingly, a **constructive** amendment is also per se prejudicial, <u>ibid.</u>, although as with all variances, the defendant bears the burden of proving that it happened, <u>Haynes</u>, 467 F. 3d at 962.

Counsel can in no wise claim unawareness of the occurence of a '<u>material Variance</u>,' i.e. (constructive amendment) to the indictment. Indeed the government itself has entitled pg. #58 of the **trial** jury's instruction (see Exhibit #1) as: "MULTIPLE CONSPIRACIES — MATERIAL VARIANCE FROM THE INDICTMENT."

The Supreme Court has held that "[a]n attorney's ignorance of a point of law that is fundamental to his case, combined with his failure to perform basic research on that point is a quintessential example **of** unreasonable performance under <u>Strickland</u>," <u>Id.</u> at 272, 274.

Titington can scarcely envision any more basic research than merely peering at the document's caption so as to put counsel upon notice of the error.

# CONCLUSION

For any &/o all of the above-mentioned reasons, this petitioner posits that he is entitled to <u>REVERSAL</u> and <u>VACATURE</u> of Counts One

[21]

and _Two_, re-sentencing, or any other relief that this Court deems appropriate.

# Prison Mailbox RULE

Under the above rule, pleadings submitted by incarcerated pro se prisoners are deemed to be filed on the date that they were delivered to prison officials for mailing. _Cassanova V. Dubois_, 304 F.3d 75, 79 (1st Cir. 2002)(stating that the filing date for purposes of complying with the statute of limitations for mailing.) See also _Houston V. Lack_, 487 U.S. 266, 270, 108 s/Ct. 2379, 101 L.Ed. 2d 245 (1988) (concluding that pleadings are deemeed filed on date prisoner relinquishes control over documents.).

# Certificate of SERVICE

Wherefore, I, the Petitioner: _DeCarlos Titington_ do hereby affirm that this petition was deposited into the institutional mailing system on November 14 th, 2022 with sufficient first-

## [22.]

postage (( **15** stamps )) attached thereto. At present F.C.I. Memphis, where petitioner resides, is on emergency lock-down status, as of 11/11/22. As such, petitioner was, regrettably, unable to serve a true and complete copy upon opposing counsel since he has no access to an inmate copier, which is located in the education department.

print: DeCarlos Titington
sign: DeCarlos Titington
date: Nov. **13** th, 20**22**

[23.]

EXHIBIT #1

## MULTIPLE CONSPIRACIES-MATERIAL VARIANCE FROM THE INDICTMENT

The Indictment charges that the defendants were all members of one single RICO conspiracy.

The Indictment also charges that the defendants were all members of one single drug conspiracy.

To convict any one of the defendants of the RICO conspiracy charge, the government must convince you beyond a reasonable doubt that a defendant was a member of the RICO conspiracy charged in the indictment. If the government fails to prove this, then you must find that defendant not guilty of the RICO conspiracy charge, even if you find that he was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict.

To convict any one of the defendants of the drug conspiracy charge, the government must convince you beyond a reasonable doubt that a defendant was a member of the drug conspiracy charged in the indictment. If the government fails to prove this, then you must find that defendant not guilty of the drug conspiracy charge, even if you find that he was a member of some other conspiracy. Some of the defendants have argued that there were really multiple conspiracies. Proof that a defendant was a member of some other conspiracy is not enough to convict.

58

EXHIBIT #1

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of either conspiracy charged in the indictment.

59