UNITED STATES OF AMERICA  )
            )  **Case No. 3:22-cv-00955**
 v.          )
            )
DECARLOS TITINGTON   )

## **DEFENDANT'S REPLY TO UNITED STATE'S RESPONSE TO MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

COMES NOW Petitioner, Decarlos Titington, by and through undersigned, and respectfully

submits the following Reply to the United States Response to Motion to Vacate Sentence Under

§ 2255. <u>Mr. Titington relies upon arguments in his pro se motion for the claims addressed in the</u>

<u>United States' Response, but not discussed in this Reply.</u>

**I.**  **<u>The Ineffective Assistance of Appellate Counsel is Argued in the Amended 2255</u>**

   **<u>Motion.</u>**

The United States correctly asserts that the Amended Motion on its face asserts an ineffective

assistance of trial counsel claim for Mr. Titington's trial counsel's failure to challenge the

erroneous use of the jury special verdict form in sentencing Mr. Titington. However, this was an

oversight by counsel, in erroneously identifying the trial counsel instead of the appellate counsel,

as providing the Defendant with ineffective assistance of counsel. The Amended Motion was

intended to add not recite the same arguments as the initial Motion. Unlike the Pro Se' Motion,

the Amended Motion relies heavily on the Sixth Circuit's decision in *United States v. Lucas*,

2021 U.S. App. LEXIS 27358 (6th Cir. September 9, 2021), which was filed with the Amended

Complaint. Counsel was aware that appellate counsel did not raise the issue on appeal. Despite

identifying undersigned counsel's mistake, the United States briefed the issue and addressed the

issue, as it was clear that appellate counsel and not trial counsel should have been identified. Mr. Titington through his appointed counsel requests that the court exercise its discretion, and consider this argument, despite counsel's error.

## II. <u>This is an Exceptional Case and the Court Should Consider the Argument that Appellate Counsel Was Ineffective in Failing to Raise the Issue of the Erroneous Application of Special Jury Verdict Form in Sentencing Mr. Titington.</u>

The Government argues that the Defendant has waived or forfeited the right to raise ineffective assistance of appellate counsel, because the argument was not raised in the Pro Se' Motion or the Amended Motion. In support of the Government's position, it cites decisions in *Laughlin v. United States*, 2020 WL 9423256 (6th Cir. Oct. 28, 2020); *Ryan v. Hazel Park*, 279 F. App'x 335. 339 (6th Cir. 2008); *United States v. Owens*, 2022 WL 2188523 (E.D. Ky. June 17, 2022); and *United States v. Santoriello*, 2021 WL 3549907 (N.D. Fla. July 8, 2021). However, these cases all support the court's consideration of the argument, even if the court determines the issue is being raised for the first time in this Reply Motion and was not raised in the Amended Motion.

In *Laughlin* the Defendant did not raise the issue of ineffective assistance of counsel in the 2255 Petition; rather, it was not raised until the Reply and oral argument. Further, the issue, underlying the ineffective assistance of counsel argument, the alleged failure of counsel, prior to Defendant's guilty plea, to advise the Defendant that she would have to register as a sex offender, was not raised in the 2255 Petition. The *Laughlin* Court, despite noting that the Defendant's ineffective assistance of counsel claim was raised for the first time in the Defendant's §2255 Reply, did not deny the claim on that basis. Rather, the Court analyzed whether the Defendant's trial counsel's failure to advise the Defendant regarding the sex registry requirement, resulted in ineffective assistance of counsel, and the court determined that it did not.

2

The United States' Response is incomplete in its citation of the Sixth Circuit's decision in *Ryan*. The complete rule of law expressed by the Sixth Circuit in *Ryan* follows:

> Generally, this Court has found that an issue raised for the first time in a reply to a response brief in the district court is waived. *See Scottsdale Ins. Co v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). However, this Court has deviated from that rule in "exceptional cases or particular circumstances' or when the rule would produce a 'plain miscarriage of justice." *Id*. at 552 (quoting *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993). In deciding whether a case presents such a scenario, we consider: (1) whether the issue is a question of law or whether it requires a factual determination; (2) whether the issue's resolution is clear; (3) whether the failure to consider the issue would result in a miscarriage of justice or denial of substantial justice; and (4) the parties rights to have an issue considered by both trial and appellate courts. *Id*. (citing *Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 545 (6th Cir. 1996)).

*Ryan* at 11 and 12.

Should the court deem the ineffective assistance of appellate counsel argument, otherwise waived, the Defendant would argue that this is an exceptional case, similar to the Defendant in *Ryan*. Applying *Ryan*, to determine whether an exceptional case or particular circumstances exist, and to determine if the rule would cause a plain miscarriage of justice: 1. The issue is clearly a question of law, specifically whether the special jury verdict form was utilized for the purposes of sentencing accountability in sentencing Mr. Titington; 2. The resolution of this issue is clear, as the Sixth Circuit has already determined, in *Lucas*, that the special verdict form should not have been used for sentencing accountability purposes in this case; 3. The failure to consider the issue would be a miscarriage of justice, depriving the Defendant of the opportunity at re-sentencing to show that he is entitled to less time incarcerated; 4. Further, the Government briefed the issue in its Response to the Defendant's 2255 Motion, so the United States is not prejudiced, should the court consider the argument.

3

*Owens a*nd *Santoriello* are unreported cases out of the Eastern District of Kentucky and the Northern District of Florida, respectively. In *Owens*, the Court analyzed the Defendant's argument, at issue in that case, but deemed it conclusory. The Court relied upon the Sixth Circuit's decisions in *Ryan* and *Laughlin*, respectively, to support its decision to deem the defendant's issue waived.

The Northern District of Florida, in *Santoriello,* appears to express a much harsher rule, without exception for relief from this error. First, *Santoriello* is not a Sixth Circuit case, where there is a path to relief. Second, *Santoriello* cites the 10th Circuit case, *United States v. Herget*, 585 F. App'x 948, 950 (10th Cir. 2014) to support the waiver of arguments raised for the first time in the reply brief. However, *Herget* cites another 10th Circuit decision, *Anderson v. United States DOL*, 422 F.3d 1155 (10th Cir. 2005). In that case the 10th Circuit expounded upon the rule regarding the waiver of arguments raised for the first time in reply briefs. "Nevertheless, there are "circumstances in which a court may consider, or even raise sua sponte, arguments ignored or left undeveloped by counsel in the first round of briefing." In *Anderson*, the 10th Circuit considered arguments left out of the opening brief. The Court noted that since both parties had briefed the argument, reviewing the argument, made in the Reply Brief for the first time, did not defeat the purpose of the waiver rule.

In Mr. Titington's case, the parties have adequately briefed the issue, as the United States' Response presented an analysis and argument in opposition to the merits of the ineffective assistance of appellate counsel argument.

This Court should consider the argument of ineffective assistance of counsel, based upon the Sixth Circuit's decision in *Ryan*. Further as noted above, this case is unique in that the Sixth

4

Circuit has already addressed the underlying issue in this case in favor of Mr. Titington's co-defendant. As stated in the Amended 2255 Motion, Mr. Titington is entitled to the same relief.

**II. The Special Verdict Issue Was Clearly Stronger Than the Issues Raised On Appeal**

The Government cites *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) in arguing that the special verdict issue would not have had the same impact, as the other issues raised on appeal. However, *Caver* does not support the assertion that the strength of an argument is solely measured by the impact the argument would make, IF successful. "Indeed, the process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail … is the hallmark of effective appellate advocacy." *Straub* at 348 (citing *Smith v. Murray*, 477 U.S. 527, 536, 91 L. Ed. 2d 434, 106 S. Ct. 2661 (1986) (quoting Barnes, 463 U.S. at 751-752)). In *Caver*, the Sixth Circuit specifically analyzed the likelihood that the arguments, chosen by appellate counsel, would "prevail" on appeal compared to the argument that was not chosen, and forming the basis for the Defendant's claim of ineffective assistance of appellate counsel. In *Caver*, the Sixth Circuit analyzed the standard of review for the arguments at issue and determined that the argument, not chosen, by appellate counsel, was stronger than the arguments made on appeal. Applying the rationale the Sixth Circuit used in *Caver*, results in the same outcome for Mr. Titington's ineffective assistance of appellate counsel argument.

Reviewing the arguments made by Mr. Titington's appellate counsel clearly show that some if not all of them are weaker arguments than the argument that the jury special verdict from was erroneously applied at sentencing.

First, the argument, that the application of the special jury verdict form was erroneously applied at sentencing, had a greater chance to prevail than an argument related to an erroneous jury

instruction on Mens Rea. Since the issue was not preserved at trial, the standard of review was plain error. Further, the court had previously ruled om this issue. *Lucas* at 85. Because the objection to the jury verdict form was raised by Mr. Titington's trial counsel at sentencing, the standard of review by the appellate court, would have been for an abuse of discretion, with underlying factual findings reviewed for clear error and legal conclusions reviewed de novo. *Lucas* at 29. This argument would have had a much stronger chance of prevailing, given the standard of review and the fact the Sixth Circuit had previously decided the issue related to the erroneous jury instruction on Mens Rea.

Second, the argument challenging the guidelines was reviewed pursuant to the plain error standard, but counsel conceded that binding precedent foreclosed the argument. See *Lucas* at 88. An argument pursuant to the erroneous application of the jury verdict form would have been a stronger argument than challenging the constitutional challenges to the guidelines.

Third, the argument, on appeal, related to the District Court's refusal to depart downward, was also a weaker argument, given the presumption to overcome in order to prevail. See *Lucas* at 86. There is a presumption that the district court "understood its discretion [to depart downward], absent clear evidence to the contrary." See *Lucas* at 88.

Last, the standard of review for the respective sufficiency of the evidence arguments made that argument less likely to prevail than the argument at issue in this 2255 challenge. "There is insufficient evidence to support a conviction only if no 'rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lucas* at 17 (citing *United States v. Washington*, 702 F.3d 886, 891 (6th Cir. 2012)). Further, the evidence is viewed in a "light most favorable to the Government" and the Court makes all "reasonable inferences and resolutions of credibility" in favor of the jury's verdict." *Id*.

6

The issue of the application of the special jury verdict form in sentencing Mr. Titington, was at least stronger than those issues reviewed for plain error and previously decided by the Sixth Circuit or addressed by binding precedent.

In failing to argue that the special jury instruction was erroneously applied, appellate counsel's representation clearly fell below *Strickland's* objective standard of reasonableness, and given the decision in *Lucas*, its clear that but for appellate counsel's decision, there would have been a different outcome for Mr. Titington.

## III. Conclusion

The Court should grant Mr. Titington's Motion to vacate under § 2255 and resentence Mr. Titington. Any arguments attempting to predict what will happen if Mr. Titington is resentenced, is simply speculation.

Mr. Titington relies upon arguments in his pro se motion for the claims addressed in the United States' Response, but not discussed in this Reply.

Respectfully submitted,

**THE LAW FIRM OF LEONARD EARL LUCAS**

 /s/ *Leonard E. Lucas III*
**LEONARD E. LUCAS**
TN Bar No. 20184
Deadrick Street, Suite 1550
Nashville, Tennessee 37238
(301) 204-6498
Leonard.lucas@lellawfirm.com

**ATTORNEY FOR PETITIONER TITINGTON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Reply was electronically filed in the CM/ECF system and a copy was provided to AUSAs Nicholas J. Goldin, 719 Church Street, Suite 3300, Nashville, TN 37203 of record this 10th day of July 2023.

/s/ Leonard E Lucas III
Leonard E. Lucas III

8