No. 24-5136

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 29, 2024
KELLY L. STEPHENS, Clerk

DECARLOS TITINGTON,                                )
                                                   )
     Petitioner-Appellant,                        )
                                                   )
v.                                                 )        O R D E R
                                                   )
UNITED STATES OF AMERICA,                          )
                                                   )
     Respondent-Appellee.                         )


Before:  MURPHY, Circuit Judge.


DeCarlos Titington, a federal prisoner proceeding pro se, appeals the district court's judgment denying his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.  Titington has filed an application for a certificate of appealability (COA).  For the following reasons, the COA application is denied.

A jury convicted Titington of conspiring to participate in racketeering activity, conspiring to distribute and possess with intent to distribute cocaine, two counts of unlawfully possessing a firearm as a convicted felon, possessing with intent to distribute cocaine, and violating 18 U.S.C. § 924(c) by possessing a firearm in furtherance of a drug-trafficking offense.  The district court sentenced him to a total term of 270 months of imprisonment.  This court affirmed.  *United States v. Lucas*, Nos. 19-6390/6392/6393/6394, 2021 WL 4099241, at *1 (6th Cir. Sept. 9, 2021).

In 2022, Titington moved for relief under § 2255, alleging that trial counsel performed ineffectively by failing to object to (1) the district court's drug-quantity calculation at sentencing, (2) the imposition of a sentencing enhancement under USSG § 2E1.2, and (3) the jury instructions on the two conspiracy charges.  The district court appointed counsel to represent Titington.  In an amended § 2255 motion, Titington incorporated the claims raised in his pro se motion and

additionally claimed that trial counsel performed ineffectively by failing to object to the district court's jury instruction on drug quantity. The district court denied relief on the merits.

Titington now seeks a COA on three claims. He did not, however, present any of them to the district court. Take each claim one by one. In the first of these three, Titington argues that the district court's drug-quantity determination was "arbitrary" because the court never determined the date that he entered the racketeering conspiracy. But in the district court, Titington raised a version of this issue only as an ineffective-assistance-of-counsel claim. And even in that context, he never mentioned the court's failure to determine the date that he entered the conspiracy. In the second claim, Titington says that his trial counsel should have moved to dismiss the § 924(c) charge because neither the racketeering conspiracy nor the drug conspiracy is a proper predicate for that offense. The failure to do so was, as the argument goes, ineffective. Yet none of the claims in his initial or amended § 2255 motion raised this issue. And in the third claim, Titington says that he is innocent of the racketeering conspiracy and § 924(c) offenses because the district court improperly instructed the jury. This is apparently because the instructions listed the elements of a "[racketeering] substantive offense" rather than "a [racketeering] conspiracy." In the district court, however, Titington argued that the instructions were deficient for a different reason. There, he argued that the instructions were improper because they allowed the jury to consider his involvement in unindicted conspiracies. All told, none of his three claims is "properly before this court" because he did not raise any of them below. *Dillard v. Burt*, 194 F. App'x 365, 369 (6th Cir. 2006) (quoting *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 368 (6th Cir. 2006)).

In the past, we have shown a willingness to consider first-time claims when "extraordinary circumstances" call for it. *See Landers v. Romanowski*, 678 F. App'x 295, 300 (6th Cir. 2017); *United States v. Ellison*, 462 F.3d 557, 560 (6th Cir. 2006); *Dillard*, 194 F. App'x at 369. Titington does not indicate that those circumstances exist here. Indeed, he does not even mention that he failed to raise these claims in the district court. And we see no reason to believe they exist.

No. 24-5136
- 3 -

Titington's application for a COA is **DENIED**.


ENTERED BY ORDER OF THE COURT


_____
Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 05/29/2024.

**Case Name:**   DeCarlos Titington v. USA
**Case Number:**   24-5136

**Docket Text:**
ORDER filed: Titington's application for a certificate of appealability is DENIED. Eric E. Murphy, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. DeCarlos Titington
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351

**A copy of this notice will be issued to:**

Mr. Nicholas Julian Goldin
Ms. Lynda M. Hill