**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 10/27/2025.

**Case Name:**   In re: DeCarlos Titington
**Case Number:**   25-5550

**Docket Text:**
ORDER filed : We therefore DENY Titington's motion for authorization to file a second or successive § 2255 motion [7364683-2] [7379154-2]. No mandate to issue, Danny J. Boggs, Circuit Judge; Alan E. Norris, Circuit Judge and Eric E. Murphy, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. DeCarlos Titington
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351

**A copy of this notice will be issued to:**

Mr. Nicholas Julian Goldin
Ms. Lynda M. Hill

No. 25-5550

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Oct 27, 2025

KELLY L. STEPHENS, Clerk

)
)
In re:  DECARLOS TITINGTON,    )
                               )    O R D E R
      Movant.                  )
                               )
                               )

Before:  BOGGS, NORRIS, and MURPHY, Circuit Judges.

DeCarlos Titington, a federal prisoner proceeding pro se, moves for authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate his sentence.  *See* 28 U.S.C. §§ 2244(b), 2255(h).  For the following reasons, we deny the motion.

A jury convicted Titington of conspiring to participate in racketeering activity, conspiring to distribute and possess with intent to distribute cocaine, two counts of unlawfully possessing a firearm as a convicted felon, possessing with intent to distribute cocaine, and violating 18 U.S.C. § 924(c) by possessing a firearm in furtherance of a drug-trafficking offense.  The district court sentenced him to 270 months of imprisonment, and we affirmed.  *United States v. Lucas*, Nos. 19-6390/6392/6393/6394, 2021 WL 4099241, at *1 (6th Cir. Sep. 9, 2021).

In 2022, Titington moved for relief under § 2255, alleging that trial counsel performed ineffectively.  The district court denied relief on the merits of Titington's claims.

Titington now moves to file a second or successive § 2255 motion in which he would raise three claims: (1) the attorney who represented him on appeal and in his initial habeas proceeding was ineffective; (2) he was subjected to double jeopardy; and (3) he is actually innocent.  He contends that these claims are based on newly discovered evidence.

We may authorize the filing of a second or successive § 2255 motion only if the applicant makes a prima facie showing that his claims rely on:

No. 25-5550
- 2 -

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Titington has not made the required showing.  First, he does not cite any new rules of constitutional law in support of his claims; indeed, he does not cite any Supreme Court decision decided after his convictions became final in 2021.  Titington does contend that his claims are based on newly discovered evidence.  But his pleadings do not cite any new, recently discovered facts that tend to show that no reasonable factfinder would have found him guilty of the racketeering, drug, and firearm offenses of which he was convicted.

We therefore **DENY** Titington's motion for authorization to file a second or successive § 2255 motion.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk